UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**LILIANA PATRICIA MEJIA KOEZE**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**KOOZ CONCEPTS INTERNATIONAL INC.**
A Domestic Profit Corporation, and
**KRAIG A. KOEZE** an individual,
jointly and severally
Defendants.

| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

1

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of unpaid commissions, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant Kooz Concepts International Inc. ("KCI") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant KCI's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant KCI's employs more than two persons.

13. Defendant Kraig A. Koeze ("Koeze") employs more than two persons.

14. Defendant KCI is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

16. Plaintiff Liliana Patricia Mejia-Koeze, is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant Kooz Concepts International Inc. (hereinafter referred to as "KCI") is a domestic profit corporation whose registered office is located at 1740 44th St. Sw Ste 106 Grand Rapids, Michigan 49609

19. Defendant KCI is a company that offers development and product knowledge services, along with marketing solutions tailored to startups and small to mid-level companies.[1]

20. Defendant Kriag Koeze (hereinafter referred to as "Koeze") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant KCI.

---

[1] Defendan Kooz International Inc.'s Website https://www.kooz.com/

3

21. Defendant Koeze at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff worked for Defendants from approximately July 2018 to September 2022.

24. Prior to this period of employment, Plaintiff also provided services for Defendant Koeze on and off throughout the years as well.

25. Plaintiff worked for Defendants in many capacities ranging from general labor, inventory maintenance, customer service, bookkeeping, and even sales.

26. Plaintiff's responsibilities included but are not limited to: checking emails, making phone calls, answering customer questions, processing orders, receiving merchandise, filling out contracts for the trade shows, contacting the promoters at the trade shows, paying the expenses and/or bills, general office work, manual labor as needed and even writing and receiving checks.

27. Plaintiff would typically work Monday through Friday from 9:30 a.m. to 2:30 p.m. working anywhere from 18 to 40 hours per week.

28. At times, Plaintiff would work nights and weekends as needed or directed by Defendant Koeze and would therefore work in excess of 40 hours per week at various times during her employment.

29. Plaintiff requested to be compensated for her work, but Defendant Koeze refused implying that it was her obligation to work for free.

30. On two separate occasions, Defendant Koeze provided Plaintiff with some cash for her to go do her nails as payment for her work at some trade shows.

31. Plaintiff began tracking her hours during her employment with Defendants in 2019. However, those documents were taken by Defendant Koeze when she was terminated and should be in his possession, custody, and control.

32. Defendants would typically attend a majority of their trade shows during the months of January and February. During these months Plaintiff would roughly average a 30 to 40 hour work week.

33. In 2021 Plaintiff was not compensated for months when Defendant Koeze instructed her to do work for Jail Tactical and NRBK, LLC.

34. Plaintiff was being billed to Jail Tactical and NRBK, LLC at $20/hr as Defendant Koeze stated that the work she was providing to them was worth at least that much per hour.

35. On or about September 2022, Plaintiff began complaining about the lack of compensation for her work and questioning why she was not being paid for all the hours she was working for the Defendants.

36. Defendant accused Plaintiff of not bringing any value, financial or otherwise, and Plaintiff responded that she was basically working for free and that she should be getting paid for all that work.

37. Defendant Koeze became angry and stormed into the office screaming and began taking all the company's information, documents, and equipment that was in there, and proceeded to terminate Plaintiff effective immediately.

38. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

39. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

40. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

41. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA

## WILLFUL VIOLATIONS OF THE FLSA & TOLLING OF THE STATUTE OF LIMITATIONS

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

44. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

45. Defendants actively misled Plaintiff into believing that she was not entitled to an overtime premium throughout her entire employment.

46. Defendants also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.

47. Plaintiff did not have actual or constructive knowledge of her right or entitlement to minimum wage and an overtime premium.

48. Defendant led Plaintiff to believe that she was not entitled to minimum wage or overtime pay for the she worked and affirmatively misled her in order to avoid having to pay wages as required under the FLSA.

49. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

50. Defendants knew or should have known that terminating Plaintiff in retaliation was a violation of the FLSA. 29 U.S.C.A. § 215(a)(3).

**DEFENDANTS' RETALIATION**

51. Defendants interfered with Plaintiff's employment at Kooz Concepts International in direct retaliation for Plaintiff inquiring and complaining about Defendants' pay practices and then being terminated in retaliation.

52. Plaintiff's work habits had not changed; there were no occurrences that would give Defendants cause to terminate Plaintiff.

53. Defendants chose to interfere with Plaintiff's employment at KCI due to her being vocal about their failure to properly pay her for the hours worked.

54. Defendants interfered with Plaintiff's employment at KCI either solely or in part for her having inquired and complained about their unlawful pay practices and what Plaintiff believed was the failure to properly pay her as required by law.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)**
**DEFENDANTS' UNLAWFUL RETALIATION**

55. Plaintiff realleges and incorporates all previous paragraphs.

56. Defendants interfered with Plaintiff's employment at KCI in direct retaliation for Plaintiff inquiring and complaining about Defendants' pay practices.

57. Defendant chose to interfere with Plaintiff's employment at KCI due to her being vocal about their failure to properly pay her in a timely manner for the hours worked per week.

58. Defendants' interference with Plaintiff's employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

59. Plaintiff is entitled to lost wages, liquidated damages, compensatory damages, and punitive damages as well as attorney fees and costs.

60. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiff of her rights.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

61. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

62. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

64. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

65. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

66. Defendants failed to compensate Plaintiff with the mandated minimum wage for all hours worked.

67. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY OVERTIME**

68. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

69. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

70. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

71. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

72. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

73. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

74. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

75. Defendants' violations of the FLSA were knowing and willful.

76. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

77. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT IV
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY MINIMUM WAGE

78. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

79. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

80. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

81. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

82. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

83. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, *et seq*.

84. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT V**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT,**
**M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY OVERTIME**

85. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

86. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

87. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

88. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

89. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

90. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

91. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

92. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez*  .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

13

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/24/2024

/s/ Liliana Patricia Mejia Koeze